NO. 07-03-0470-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 24, 2005

_____

IN RE CAROL GAYLENE OSMOND, RELATOR
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

By a Petition for Writ of Habeas Corpus, relator Carol Gaylene Osmond challenges an order of contempt and her restraint pursuant thereto. We deny relief.

This original proceeding arises from a dispute over whether William and Lynn Luster, paternal grandparents, or Carol and Larry Osmond, maternal grandparents, will have possession of Christyn Shanae Luster (the child). The child has been involved in, or the subject of, three different suits affecting the parent child relationship (SAPCR) in the 100th District Court of Carson County ("the Texas court"). She has also been the subject of two proceedings in Oklahoma: one filed by the Osmonds in the District Court of McIntosh County, Oklahoma ("the Oklahoma court"), wherein the Osmonds sought to be named guardians for the child and sought an emergency order naming them temporary custodians

of the child, and a separate proceeding in the Oklahoma court in which the Lusters sought registration of the Texas court's orders granting them custody of the child.

In initiating their Oklahoma suit via verified pleadings, the Osmonds (1) asserted that the child was then, and had been for several months, living with them, and (2) disclosed that they knew proceedings were pending in Texas by which the Lusters were seeking custody of the child.[1] The Oklahoma court initially granted emergency custody to the Osmonds, but subsequently determined that Texas had jurisdiction over the child and dissolved its prior orders. In the separate proceeding wherein the Osmonds and the child's parents were named, and appeared, as parties, the Oklahoma court directed registration of Texas child custody orders as orders of the Oklahoma court, recognized the Lusters as custodians of the child and authorized all law enforcement personnel to aid the Lusters in securing possession of the child.

On August 14, 2003, after the Oklahoma court registered the Texas custody orders, relator Carol Osmond traveled to Gray County, Texas, to attend a hearing in an SAPCR involving two other grandchildren of the Osmonds, and in which the Osmonds had intervened seeking managing conservatorship.[2] While in Texas, Carol was arrested pursuant to a writ of commitment based on an order of the Texas court holding her in contempt for failing to produce the child as ordered. The Texas court held a hearing at

---

[1] Both Texas and Oklahoma have adopted the Uniform Child Custody Jurisdiction and Enforcement Act. See TEX. FAM. CODE ANN. § 152 (Vernon 2002); Title 43 O.S. Section 551-101 *et seq*.

[2] The Lusters are not biologically related to the children involved in the Gray County suit.

which Carol and her counsel appeared. The court set bond for Carol and continued the case to allow her to produce the child. Carol made bond. When she subsequently appeared before the Texas court without the child, another order was entered finding her in contempt. Specifically referencing the court's powers set out in article 11 of the Code of Criminal Procedure, the order directed her commitment to the Carson County Jail until such time as the child was produced.

Carol filed a Petition for Writ of Habeas Corpus with this court. We granted temporary relief directing that she be released from confinement upon posting bond.

Upon full consideration of relator's briefs, the issues presented, the law and the record presented, we deny relief. We vacate our previous order granting temporary relief and directing that relator be released from the Carson County jail upon posting bond.

Relator Carol Osmond is remanded to the custody of the Sheriff of Carson County, to be held by him in accordance with the order of the Judge of the 100th District Court of Carson County which was signed on October 7, 2003, subject to further orders of the 100th District Court. See TEX. R. APP. P. 52.8.

Per Curiam